LOKEN, Circuit Judge,
dissenting.
Early in its lengthy analysis, the district court described the “methodology” of plaintiffs’ expert, Dr. Donald Austin:
according to Dr. Austin, his short-term use report was written in about five hours at the behest and assistance of Plaintiffs’ counsel. Dr. Austin testified that he had never really thought about the short-term use issue before Plaintiffs’ counsel presented it to him shortly before the recent Daubert challenge in Puerto Rico. He testified, “[i]t had never been raised as an issue to me, is there an important, a biologically important and clinically important risk within three years. It was just not an issue that I had thought about.”
After thoroughly reviewing the bases for Dr. Austin’s opinion in an analysis the court now finds statistically faulty in some respects, the district court concluded:
Dr. Austin contends that short-term use of Prempro causes breast cancer, and cites five studies to support his conclusions. However, he conceded the following: two of the studies he admitted should not have been included in his report (Li (2000) and Saxena (2010)); two of the studies primarily involved drug combinations that were not Prempro (MWS [Million Women Study], French Teachers Study [Fournier]); and one of the studies did not reliably *634 track duration of use, which is essential when making a short-term use causation finding (Calle (2009)). With no studies to reliably support his position, along with a failed effort to discredit WHI results, Dr. Austin’s opinion on short-term use causation [is] not sufficiently reliable to be admissible under Daubert.
Like the district court in General Electric Co. v. Joiner, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), the district court excluded opinion testimony of plaintiffs’ only expert. In my view, the district court’s Daubert analysis is supported by the record and properly focused on the gate-keeping function mandated by the Supreme Court and by Rule 702. We review that ruling for abuse of discretion and must affirm unless it is “manifestly erroneous.” Joiner, 522 U.S. at 142, 118 S.Ct. 512. We may not subject the ruling to “a more searching standard of review” because it was “ ‘outcome determinative.’ ” Id. at 142-43, 118 S.Ct. 512. I conclude that, like our sister circuit the Supreme Court reversed in Joiner, the court has “applied] an overly ‘stringent’ review to that ruling [and] failed to give the trial court the deference that is the hallmark of abuse of discretion review.” Id. at 143, 118 S.Ct. 512. Accordingly, I respectfully dissent.